IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| QUINN S.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> FRANK BISIGNANO, <br> Commissioner of Social Security, <br><br> Defendant. | No. 24-CV-3053-CJW-KEM <br><br> **REPORT AND RECOMMENDATION** |

_____

Plaintiff Quinn S. seeks judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance (DI) benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Plaintiff argues the Administrative Law Judge (ALJ) P. Jung erred in considering Plaintiff's subjective allegations, evaluating a medical opinion, and resolving a conflict about work Plaintiff could perform. Plaintiff asserts that as a result, substantial evidence does not support the ALJ's denial of benefits and asks the court to reverse and remand. I recommend **affirming** the ALJ's decision.

## I. BACKGROUND[2]

Plaintiff most recently filed for DI and SSI benefits in November 2022, alleging disability since April 8, 2022, due to sleep disorders, mental health issues, foot and right

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Plaintiff's brief summarizes the factual and procedural background in this case. *See* Doc. 9.

shoulder pain, and narrowing and degeneration of his cervical spine. AR 13, 95, 106.[3] The Social Security Administration denied Plaintiff's disability applications initially and on reconsideration. AR 13, 104-05, 115-16, 128-30, 142-44. At Plaintiff's request, the ALJ held a video hearing in December 2023, at which Plaintiff and a vocational expert (VE) testified. AR 33-64. The ALJ issued a decision on January 26, 2024, following the five-step process outlined in the regulations[4] to determine whether Plaintiff was disabled during the relevant period. AR 13-26. The ALJ found Plaintiff suffered from the severe impairments of post-traumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD), cervical spine degenerative disc disease, obesity, major depressive disorder, and generalized anxiety disorder. AR 15. The ALJ determined Plaintiff had the residual functional capacity (RFC)[5] to perform light work with additional limitations, including:

- occasional reaching overhead with the left upper extremity;
- simple, routine, repetitive work with no supervisory duties;
- simple work-related decisions and few or infrequent changes in a routine work setting; and
- occasional interaction with supervisors and coworkers and no interaction with the public.

---

[3] AR refers to the administrative record filed in this case (Doc. 7).

[4] "During the five-step process, the ALJ considers (1) whether the claimant is gainfully employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets the criteria of any Social Security . . . listings, (4) whether the impairment prevents the claimant from performing past relevant work, and (5) whether the impairment necessarily prevents the claimant from doing any other work." *Grindley v. Kijakazi*, 9 F.4th 622, 628 (8th Cir. 2021) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)); *see also* **20 C.F.R. §§ 404.1520(a)(4) 416.920(a)(4)**. The claimant bears the burden of persuasion to prove disability. *Goff*, 421 F.3d at 790.

[5] RFC means "the most that a claimant can do despite her limitations." *Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019).

AR 18. The ALJ found Plaintiff could not perform his past relevant work but could perform other work as a marker, garment sorter, and collator operator. AR 23-25. Thus, the ALJ found Plaintiff not disabled from April 8, 2022 (the alleged onset date), through January 26, 2024 (the date of the decision). AR 13, 25-26.

The Appeals Council denied Plaintiff's request for review on November 1, 2024 (AR 1-3), making the ALJ's decision that Plaintiff was not disabled the final decision of the Commissioner.[6] Plaintiff filed a complaint in this court on December 31, 2024 (Docs. 1, 4).[7] The parties briefed the issues (Docs. 9, 10, 12) and the Honorable C.J. Williams, Chief District Judge for the Northern District of Iowa, referred this case to me for a report and recommendation.

## II. DISCUSSION

So long as substantial evidence in the record as a whole supports the ALJ's decision, a reviewing court must affirm.[8] "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision."[9] The court "do[es] not reweigh the evidence or review the factual record de novo."[10] If, after reviewing the evidence, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings,

---

[6] *See* **20 C.F.R. §§ 404.981, 416.1481**.

[7] Per Plaintiff's complaint, the Appeals Council extended Plaintiff's time to file an appeal in federal court on August 19, 2024 (Doc. 4), but this extension does not appear to be in the record. The court need not address the timeliness of Plaintiff's complaint, as the Commissioner does not raise the issue. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986) ("[T]he 60-day requirement [in 42 U.S.C. § 405(g)] is not jurisdictional, but rather constitutes a period of limitations."); *Gionfriddo v. Comm'r of Soc. Sec.*, 475 F. App'x 732 (11th Cir. 2012) (holding that a court may not dismiss a Social Security complaint sua sponte for untimeliness, as untimeliness is an affirmative defense that may be forfeited by the Commissioner).

[8] *Grindley*, 9 F.4th at 627; *accord* **42 U.S.C. § 405(g)**.

[9] *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).

[10] *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994).

3

[the court] must affirm the decision."[11]

Plaintiff believes the ALJ erred: (1) by failing to provide good reasons for the consideration given to Plaintiff's subjective complaints; (2) in articulating sufficient reasons for finding Plaintiff's psychiatric medication manager's opinion not persuasive; and (3) by failing to resolve a conflict between the testimony of the VE and the Dictionary of Occupational Titles (DOT) as to whether Plaintiff could perform certain jobs. Plaintiff argues these errors, individually and in combination, require reversal of the ALJ's denial of benefits and remand for further proceedings.

### A. *Subjective Complaints*

Plaintiff takes issue with the ALJ's consideration of Plaintiff's subjective complaints, specifically the ALJ's consideration of Plaintiff's pain and range of motion, the side effects of Plaintiff's medications, Plaintiff's headaches, results from MCMI-IV[12] testing during a psychological examination, and the impact Plaintiff's mental health had on his pain. When evaluating a claimant's subjective complaints—including pain—the ALJ must consider the factors set forth in *Polaski v. Heckler*: "(1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions."[13] "Other relevant factors include the claimant's relevant work history and the absence of objective medical evidence to support the complaints."[14] The ALJ may not discredit the claimant's allegations based solely on the absence of objective

---

[11] ***Robinson v. Sullivan***, 956 F.2d 836, 838 (8th Cir. 1992).

[12] Million Clinical Multiaxial Inventory – Fourth Edition. *See* AR 1749.

[13] ***Black v. Apfel***, 143 F.3d 383, 386 (8th Cir. 1998); *accord* ***Polaski***, 739 F.2d 1320, 1321-22 (8th Cir. 1984), *vacated*, 476 U.S. 1167 (1986), *reinstated*, 804 F.2d 456 (8th Cir. 1986). The court did not explicitly say that it was reinstating the original *Polaski* opinion, but the Eighth Circuit has recognized that it "effectively reinstat[ed]" *Polaski*. ***Jones v. Callahan***, 122 F.3d 1148, 1151 n.3 (8th Cir. 1997).

[14] ***Black***, 143 F.3d at 386.

medical evidence, but the ALJ may rest her credibility finding on "objective medical evidence to the contrary,"[15] or "inconsistencies in the record as a whole."[16]

Here, the ALJ noted that Plaintiff testified "he has trauma related to posttraumatic stress disorder, neck and back pain, headaches, mood swings, difficulty concentrating and focusing, loss of interest, low motivation, and impulsivity." AR 19. The ALJ then summarized mental status examinations, noting they were unremarkable or provided minimal evidence of mental health symptoms. AR 20-21. The ALJ noted a lack of severe or exacerbated mental health symptoms and commented that MCMI-IV results from a consultative examination "noted the claimant is inclined to deprecate or devalue himself by presenting more troublesome emotional and personal difficulties than are likely (aka 'faking bad')." AR 20.

As for Plaintiff's physical issues, the ALJ outlined results from physical examinations, x-rays, and other diagnostic tests, and concluded testing did not support the severity of symptoms reported by Plaintiff. *Id*. The ALJ commented that Plaintiff's conditions did not require surgery, hospitalization, or inpatient treatment. *Id*. The ALJ noted Plaintiff's activities of daily living were also inconsistent with his allegations, and that the evidence of record was inconsistent with Plaintiff's subjective complaints. *Id*. The ALJ also considered Plaintiff's medication usage and side effects. AR 21. The ALJ concluded that "[Plaintiff] had numerous complaints of symptoms and work[-]related limitations that were uncorroborated in . . . [and] not entirely consistent with the medical evidence and other evidence in the record." *Id*. After discussing the medical opinions in the record, the ALJ again concluded Plaintiff's subjective complaints were not entirely consistent with the evidence and that Plaintiff could perform the RFC outlined in the opinion. AR 21-23.

---

[15] ***Ramirez v. Barnhart***, 292 F.3d 576, 581 (8th Cir. 2002).

[16] ***Brockman v. Sullivan***, 987 F.2d 1344, 1346 (8th Cir. 1993).

5

The ALJ provided good reasons for the ALJ's evaluation of Plaintiff's subjective complaints.[17] Substantial evidence supports the ALJ's reasoning. *See* AR 1469-71, 1627 (x-rays showing only mild degenerative changes); 1430, 1444, 1448-49, 1461, 1466, 1616-17, 1623-24, 1747 (normal mental status examinations); 1433, 1440, 1443, 1448-49, 1451, 1458, 1631-32, 1638, 1644, 1650, 1655, 1728, 1766, 1768, 1771 (improvement noted with medication and treatment, conservative treatment measures utilized); 1438, 1629-30, 1727 (generally normal physical examinations). Even if the ALJ improperly considered the MCMI-IV test result, the other provided reasons support the ALJ's conclusion.[18] Plaintiff's argument would require the court to reweigh the evidence on Plaintiff's abilities. Courts must "defer to an ALJ's credibility finding as long as the 'ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so.'"[19]

Plaintiff also argues the ALJ erred by failing to discuss Plaintiff's claims around headaches and migraines.[20] Plaintiff noted in a written statement that he suffered from

---

[17] *See Buckner v. Astrue*, 646 F.3d 549, 558-59 (8th Cir. 2011) (affirming ALJ's conclusion that inconsistencies with overall record undermined claimant's subjective complaints, including activities of daily living, sporadic work history, and inconsistency with medical evidence; finding no error where ALJ did not specifically discuss other factors, including medication side effects); *see also Pierce v. Kijakazi*, 22 F.4th 769, 772-73 (8th Cir. 2022) (finding good reasons for ALJ not accepting all of claimant's subjective complaints based on inconsistency with medical records and conservative nature of treatment where claimant used medication to treat pain but had no surgery, physical therapy, or injections, and no evidence showed that claimant followed through with recommendation to wear brace and receive injections); *Grindley*, 9 F.4th at 630-31 (noting courts "normally defer to an ALJ's credibility determination" and an ALJ's opinion should not be set aside merely because the ALJ could have written a more thorough opinion).

[18] That testing was conducted in conjunction with an evaluation "to help with diagnostic clarification," and resulted in recommendations of treatment by medication and therapy. AR 1757-60. These conservative treatment recommendations are consistent with the ALJ's conclusions.

[19] *Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (quoting *Hogan v. Apfel*, 239 F.3d 958, 962 (8th Cir. 2001)).

[20] Plaintiff also argues the ALJ erred by not considering the effect Plaintiff's mental impairments may have had on his complaints of physical pain. This is not a case like the one relied on by

6

serious migraines and near constant headaches, and he testified at the administrative hearing that he suffered from headaches nearly every day, though he wasn't sure they qualified as migraines. AR 41-42, 323. Plaintiff did not allege disability due to headaches in his application.[21] AR 95, 106, 312. The record shows that Plaintiff complained of and received treatment for headaches, but that medication generally improved his headaches. AR 1427, 1430, 1435, 1440, 1446, 1621, 1627, 1632, 1768, 1771. On this record, it does not appear the ALJ erred by failing to discuss Plaintiff's headaches.

Given the deferential standard of review, I recommend affirming the ALJ's decision not to fully credit Plaintiff's subjective complaints of his limitations.

## B. Opinion Evidence

Plaintiff next asserts that the ALJ erred in evaluating the medical opinion of Abbie White, ARNP, who managed Plaintiff's mental health medications. An ALJ must "evaluate the persuasiveness of medical opinions" considering the following factors: (1) supportability, i.e., "the objective medical evidence and supporting explanations presented by a medical source" in support of his or her opinion; (2) consistency with

---

Plaintiff where the ALJ rejected medical evidence that Plaintiff suffered from a severe mental impairment that could have impacted his subjective complaints. *See Delrosa v. Sullivan*, 922 F.2d 480, 484-86 (8th Cir. 1991) (remanding because ALJ rejected medical diagnosis of mental disorder and suggesting the ALJ "consider the aggravating factor posed by the possibility that [claimant]'s perception of pain is exacerbated by his psychological impairment").

[21] *See Newton v. Saul*, No. No. 4:20-00128, 2021 WL 9816546, at *4 (W.D. Mo. Jan. 4, 2021) (finding ALJ need not consider mental impairment where claimant did not allege disability on that basis and record did not show it caused work-related impairments, symptoms improved with medication, and no treatment sought during relevant period). This case is distinguishable from the case relied upon by Plaintiff, in which the claimant sought benefits due to disabling headaches and substantial evidence did not support the ALJ's conclusion that the headaches were not severe and the record supported that claimant would likely need unexcused absences because of headaches. *See Riekens v. Kijakazi*, No. 20-CV-1005, 2021 WL 5278542, at *1-5 (N.D. Iowa Aug. 27, 2021), *report and recommendation adopted*, 2021 WL 4240419 (Sep. 17, 2021).

"evidence from other medical sources and nonmedical sources"; (3) the relationship between the opinion's author and the claimant, such as whether the opinion is from a treating source; (4) whether the medical opinion is by a specialist; and (5) "other factors that tend to support or contradict a medical opinion," such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the Social Security Administration's] policies and evidentiary requirements."[22] The first two factors, supportability and consistency, are the most important.[23] The ALJ is required to "articulate how [the ALJ] considered the medical opinions" and "explain how [the ALJ] considered the supportability and consistency factors."[24] The Eighth Circuit has held that the court may review only "whether the ALJ adequately analyzed persuasiveness, including the supportability and consistency factors, not whether" the ALJ's supportability and consistency analysis are separately "supported by substantial evidence."[25] Instead, any evaluation of supportability and consistency "is simply part of determining whether the ALJ's ultimate persuasiveness and [RFC] findings are supported by substantial evidence."[26]

NP White submitted a written opinion dated January 28, 2022. AR 1245-50. NP White found Plaintiff was seriously limited, unable to meet competitive standards, or had no useful ability to function in twenty-two of twenty-five areas of mental functioning. AR 1247-49. NP White also found Plaintiff would miss more than four days of work per month. AR 1248. The ALJ did not find NP White's opinion persuasive for the following reasons:

> It is not consistent with the material medical evidence in the file and notes from treating and examining medical professionals of record. It is not

---

[22] **20 C.F.R. §§ 404.1520c(a), (c); 416.920c(a), (c)**.

[23] **20 C.F.R. §§ 404.1520c(a); 416.920c(a)**.

[24] **20 C.F.R. §§ 404.1520c(a), (b)(2); 416.920(a)**.

[25] *Cropper v. Dudek*, 136 F.4th 809, 814-15 (8th Cir. 2025).

[26] *Id.* at 815.

> supported by the evidence of record which reveals the claimant had minimal
> and infrequent signs and findings associated with a mental impairment and
> multiple unremarkable psychiatric and mental status examinations.

AR 23 (citations omitted). The ALJ cited records from NP White and other providers that support this reasoning. AR 23; *see also* AR 1414-15, 1430, 1433, 1439, 1444, 1448-49, 1623, 1627, 1631, 1727, 1747, 1750, 1752, 1771.

Plaintiff argues the ALJ did not provide sufficient reasoning and did not fully consider NP White's opinion. Plaintiff relies on a case where the ALJ "adequately evaluated supportability" of a medical opinion, but "did not address whether [the] opinion was consistent with the other evidence of the record, as required by the applicable regulations."[27] The ALJ here, however, addressed both supportability and consistency and cited specific records from NP White and other providers. "No talismanic language is required for the ALJ to meet the requirements of [the regulation], only that the ALJ make it clear that they considered the supportability and consistency of an opinion."[28] Even if the ALJ could have provided a more thorough explanation, "the ALJ's brevity is not reversible error."[29] Here, the ALJ appropriately considered the relevant factors sufficiently for the court to review.[30]

---

[27] ***Bonnett v. Kijakazi***, 859 Fed. App'x 19, at *20 (8th Cir. Sep. 20, 2021) (unpublished) (per curiam); *see also **Osmanovic v. Bisignano***, No. 4:24-CV-00679, 2025 WL 2771473, at *4 (E.D. Mo. Sep. 29, 2025) (concluding "ALJ entirely failed to address the supportability of [the medical] opinion"); ***Gregory F. v. O'Malley***, No. 23-cv-3787, 2025 WL 308085, at *5-6 (D. Minn. Jan. 7, 2025) (finding ALJ only discussed consistency and "failed to proffer any discussion of the supportability factor"), *report and recommendation adopted*, 2025 WL 307420 (Jan. 27, 2025).

[28] ***Mario O. v. Kijakazi***, No. 21-CV-2469, 2022 WL 18157524, at *11 (D. Minn. Dec. 13, 2022).

[29] ***Cropper***, 136 F.4th at 815 (*quoting **Grindley***, 9 F.4th at 631).

[30] *See **Midalis Martinez v. Bisignano***, No. 24-00673-CV, 2026 WL 243712, at *4-9 (W.D. Mo. Jan. 15, 2026) (collecting cases) (finding ALJ sufficiently addressed (1) supportability when ALJ explained the opinion was "not supported by the medical evidence of record" (citing medical status examinations with unremarkable results) or provider records that were inconsistent with opined limitations, and (2) consistency by "explain[ing] their opinions were 'not consistent with

I recommend affirming the ALJ's evaluation of NP White's medical opinion.

## C. Conflict With VE Testimony

Plaintiff argues the ALJ failed to resolve a conflict between the VE's testimony and the DOT about whether Plaintiff could perform the jobs identified with the reaching restriction included in the ALJ's RFC determination. Guidance in place at the time of the ALJ's decision in this case provided that, for any apparent conflict between a VE's testimony and the DOT, the ALJ had to resolve the conflict before relying on the VE's testimony.[31]

> If there is an "apparent unresolved conflict" between VE testimony and the DOT, the ALJ must "elicit a reasonable explanation for the conflict" and "resolve the conflict by determining if the explanation given by the expert provides a basis for relying on the VE testimony rather than on the DOT information." The ALJ is not absolved of this duty merely because the VE responds "yes" when asked if her testimony is consistent with the DOT. A VE must offer an explanation for any inconsistencies between her testimony and the DOT, which the ALJ may accept as reasonable after evaluation.[32]

The ALJ limited Plaintiff to occasional overhead reaching with the upper left extremity (Plaintiff's nondominant arm) in both the hypothetical posed to the VE and in the ultimate RFC determination. AR 18, 37, 57. The VE testified that with this restriction, Plaintiff could perform other work at a marker, a garment sorter, and a

---

material medical evidence' and 'notes from the treating and examining professionals of records' as well as unremarkable mental status examinations); *Mario O.*, 2022 WL 18157524, at *11-12 (finding ALJ addressed supportability with normal mental status examinations and consideration of state agency psychologists' opinions of lesser limitations, and consistency by relying on medical findings in the record, claimant's statements to the provider giving the opinion, and the state agency psychologists' opinions)

[31] **Social Security Ruling ("SSR") 00-4p**, 2000 WL 1898704 at *2 (Dec. 4, 2000). Though later rescinded by SSR 24-3p, review of the ALJ's decision in this case is still controlled by SSR 00-4p.

[32] *Moore v. Colvin*, 769 F.3d 987, 989-90 (8th Cir. 2014) (*quoting* **SSR 00–4p**, 2000 WL 1898704, at *2–4).

collator operator. AR 57-58. Each of these jobs requires frequent reaching.[33] The VE went on to state:

> And I should say the DOT and the supplements don't specifically address certain things. And when they aren't specifically addressed, I am basing my answers on my work history and education in the field of vocational rehabilitation counseling. For example, the reaching isn't defined as far as with which upper extremity or with which - - in which direction. It does not specifically define the interaction with supervisors, coworkers, or the public, things of that nature. But things that aren't addressed, I'm basing my answers on my work history and education. So, it would be my opinion that these jobs would fit the factors outlined in the hypothetical [posed by the ALJ].

AR 58. The ALJ relied on the VE's testimony to find Plaintiff not disabled because Plaintiff could perform the identified jobs. AR 25. The ALJ specifically noted in the written decision that the VE's testimony was "consistent with the information contained in the [DOT] and Selected Characteristics of Occupations as supplemented by her education, training and personal experience." *Id*. The ALJ went on to write:

> The vocational expert noted the limitations on reaching and interacting with supervisors, coworkers and the public are not contained in the [DOT] and Selected Characteristics of Occupations. The vocational expert testified, that based on her education, training and personal experience, [Plaintiff] would be able to perform the representative light unskilled occupations within the [RFC] described [in the ALJ's opinion].

*Id*.

Plaintiff argues the ALJ erred in relying on this testimony because the ALJ failed to resolve the conflict on whether Plaintiff could perform jobs that require frequent reaching while limited on the left arm to only occasional reaching. District courts have gone both ways on this issue.[34] Plaintiff relies on cases from the Eastern District of

---

[33] **DOT 222.687-014** (garment sorter), 1991 WL 672131; 1991 WL 671753; **DOT 209.587-034** (marker), 1991 WL 671802; **DOT 208.685-010** (collator operator).

[34] As Plaintiff aptly points out, decisions from within the Eastern District of Arkansas have "come out all over the map—in fairly similar fact patterns," prompting a judge to invite the Eighth Circuit to weigh in on the issue and provide guidance. *Aitchison v. SSA*, No. 4:23-CV-

11

Arkansas that found an ALJ may not rely on a VE's general experience to resolve a conflict with a DOT job description regarding a reaching limitation.[35] Other cases (from the Eastern District of Arkansas as well as other districts in this Circuit) have found the ALJ could rely on the VE's prior experience to resolve a conflict involving a reaching limitation.[36]

---

00602, 2024 WL 3825266, at *1 n.1 (E.D. Ark. Aug. 14, 2024); *see also* **Rollins v. Kijakazi**, No. 3:20-cv-00239, 2021 WL 3891060, at *3 (E.D. Ark. Aug. 31, 2021) (noting "the 'reaching' morass that has sometimes resulted in inconsistent decisions on the issue" and that whether the VE provided an adequate basis for his opinion on reaching "is admittedly a close question"); **Jones-Brinkley v. Comm'r of Soc. Sec.**, No. 3:20-CV-0058, 2021 WL 371689, at *3 (E.D. Ark. Feb. 3, 2021) (noting "the subtle difference between occasional and frequent overhead work").

> There are a number of cases involving reaching conflicts in this Circuit, and the decisions are not all aligned. Where an ALJ fails to ask the VE about an apparent conflict or where a VE responds that she relied on her experience to resolve the conflict, courts have reversed. Cursory or incomplete explanations from the VE are insufficient to support an ALJ's step-five decision. However, where the VE provides more detail about his qualifications and experience, as well as his knowledge of how identified jobs are actually performed, the VE's testimony is sufficient. When an ALJ directly questions a VE about the conflict, and the VE gives thorough answers, the bar is cleared.

**Bass v. Saul**, No. 3:20-CV-167, 2021 WL 1813181, at *3 (E.D. Ark. May 6, 2021) (citations omitted).

[35] **Alberda v. Comm'r of Soc. Sec.**, No. 3:20-CV-00283, 2021 WL 4239500, at *3 (E.D. Ark. Sep. 17, 2021) (noting "the VE only said that he relied on his 'past experience' to resolve the conflict" but did not "offer any insight into how that experience cleared the matter up" and the ALJ did not inquire further); **Watson v. Kijakazi**, No. 2:20-cv-00170, 2021 WL 3620295, at *3-4 (E.D. Ark. Aug. 16, 2021) (affirming where ALJ confirmed VE's testimony about reaching was based on the VE's "training, education, and experience in the field" and that the VE had "dealt with employees and employers where that limitation has been present"); *see also* **Rollins**, No. 3:20-cv-00239, 2021 WL 3891060, at *2-5 (declining to affirm where VE testified "reaching overhead is not addressed in the [DOT]" and that his opinion on jobs with overhead reaching "stems from my professional training and years of experience in the field," distinguishing *Watson* because the ALJ there asked additional question about the VE's experience); **Montoya v. SSA**, No. 3:18-CV-00091, 2019 WL 2482719, at *2 (E.D. Ark., June 13, 2019) (VE noted DOT did not address directional reaching and that his testimony was "based on [his] experience" without elaborating).

[36] *See* **Aitchison v. SSA**, No. 4:23-CV-00602, 2024 WL 580882, at * 5 (E.D. Ark. Feb. 13, 2024), *report and recommendation adopted*, 2024 WL 3825266 (Aug. 14, 2024) (recognizing

12

Here, the VE specifically recognized that the DOT does not define reaching and stated that opinion about Plaintiff being able to perform jobs was based on the VE's work history and education. The VE could have elaborated further or the ALJ could have inquired about the specifics of the VE's experience and education, but the record includes the VE's resume (showing educational background, certifications, and nearly forty years of experience as a vocational consultant), and the ALJ confirmed during the hearing that the VE's resume was in the record. AR 55, 363. The ALJ also addressed the conflict in the written decision, noting the VE recognized reaching was not addressed in the DOT

---

the "fine-line question" of whether VE gave sufficient support for opinion and concluding VE did so where VE testified claimant could perform jobs based on the VE's "experience in job placement" and the ALJ's written decision discussed resolution of the conflict); *Baker v. Kijakazi*, No. 22-3056, 2023 WL 6849052, at *2 (W.D. Ark. Oct. 17, 2023) (affirming where VE identified possible conflict with overhead reaching and relied on "28 years of experience in the vocational field" to opine jobs (which included collator operator) "would not require frequent overhead reaching"); *Moore v. Comm'r of Soc. Sec.*, No. 2:22-cv-02058, 2023 WL 2065087, at *5 (W.D. Ark. Feb. 1, 2023) (finding sufficient where VE's opinion was "based on observation, experience, knowledge, and education"); *Johnson v. Kijakazi*, No. 3:20-cv-00329, 2021 WL 3064140, at *3 (E.D. Ark. July 20, 2021) (concluding VE "fairly addressed the conflict" by testifying that she "relied upon [her]knowledge of how the jobs are performed"); *Bass v. Saul*, No. 3:20-CV-167, 2021 WL 1813181, at *3-4 (E.D. Ark. May 6, 2021) (finding proper foundation laid where "ALJ specifically referred to the VE's experience and work in the field, his formal education, and his knowledge about the DOT" in addressing conflict; VE testified he relied on his "knowledge, education, training, and experience" to answer questions and responded yes when ALJ asked if VE "had an advanced degree in his field"); *Jones-Brinkley v. Comm'r of Soc. Sec.*, No. 3:20-CV-00058, 2021 WL 371689, at *2-3 (E.D. Ark. Feb. 3, 2021) (noting "VE pointed out the potential reaching conflict and said that based on his experience and judgment about the job requirements, there was no conflict and [claimant] could perform those jobs"); *Mobley v. Saul*, No. 3:19CV00198, 2020 WL 4353653, at *3 (E.D. Ark. July 29, 2020) (affirming where "VE clarified and resolved possible conflict about reaching requirements, based on his knowledge and experience"); *Yeley v. Berryhill*, No. 1:17CV00078, 2018 WL 4333617, at *9-10 (E.D. Mo. Sep. 11, 2018) (upholding decision where VE "point[ed] out that the DOT does not differentiate between right or left extremities . . . [or] the direction of reaching" and indicated he relied on his experience to conclude claimant could perform jobs even if not able to reach overhead with non-dominant arm); *see also* *Lori A.H. v. Bisignano*, No. 24-cv-2262, 2025 WL 2374304, at *5 (D. Minn. July 23, 2025) (quoting guidance in SSR 00-4p that a reasonable explanation to support the VE's opinion exists "when evidence from the VE includes information that is not included in the DOT, such as information from the VE's experience.").

and that the VE "testified, that based upon her education, training and personal experience," Plaintiff could perform the jobs identified with the reaching limitation included in the ALJ's RFC determination. AR 25. I find the ALJ sufficiently addressed the conflict as to whether Plaintiff could perform jobs requiring frequent reaching with the limitation included in the RFC.[37]

I recommend finding the ALJ properly resolved the conflict between the DOT and the VE's testimony.

### III. CONCLUSION

I recommend **affirming** the Commissioner's decision and entering judgment in favor of the Commissioner.

Objections to this Report and Recommendation must be filed within fourteen days of service in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.[38] Failure to object to the Report and Recommendation waives the right to *de*

---

[37] *See Lori A.H.*, 2025 WL 2374304, at *5-6 (reversing where ALJ "did not even identify the conflict in the written decision, much less determine if [the VE] provided a reasonable explanation for the conflict" and did not explain during the hearing how the conflict was resolved:

> The ALJ asked [the VE], "And then with respect to the reaching and the overhead reaching, is that something that's set forth in the DOT? Or how did you come to that conclusion?" [The VE] replied, "That was based on my education and training and as well as my experience." The ALJ added, "All right. Is that because the reaching doesn't differentiate between overhead and regular reaching?" [The VE] agreed. The ALJ continued, "And these jobs, do they ordinarily require frequent reaching?" [The VE] replied yes. The ALJ concluded, "But in the case of overhead, it would be occasional or left. Is that right?"; [The VE] said yes.).

[38] **Fed. R. Civ. P. 72**.

*novo* review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[39]

**DATED** February 18, 2026.

*Kelly K.E. Mahoney* (signature)
Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa

---

[39] *See United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).